UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES CARL THREET,

        Petitioner,                                Case No. 1:11-cv-159

v.                                                  Honorable Robert J. Jonker

CAROL HOWES,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner presently is incarcerated at the Lakeland Correctional Facility. Following a jury trial in 1980, Petitioner was convicted of kidnapping, MICH. COMP. LAWS § 750.349, and assault with intent to commit murder, MICH. COMP. LAWS § 750.83.[1] He was sentenced by the Lenawee County Circuit Court to "non-mandatory/parolable life" and sixty-six years and eight months to one hundred years, respectively. (Pet., docket #1, Page ID#1.) In his application for habeas corpus relief, Petitioner purports to challenge the execution of his sentence by state officials rather than the imposition of his 1980 convictions and sentences. Section 2254 allows state prisoners to collaterally attack the imposition or the execution of their sentences. *See Allen v. White,* 185 F. App'x 487, 490 (6th Cir. 2006). Petitioner raises the following ground for habeas corpus relief in his petition:

> WHERE THE UNCONSTITUTIONAL ACTS AND OMISSIONS OF STATE OFFICIALS HAVE ABROGATED THE BENEFITS OF LAW AND STATUTORY PROVISIONS ATTACHED TO PETITIONER'S INDIVIDUAL AND CONCURRENT STATE SENTENCES – SUBSEQUENTLY CAUSING SAID SENTENCES TO BECOME A SINGLE SENTENCE PROSCRIBED BY LAW, AND WHERE [THE] SAME HAS ABROGATED THE LAWFUL EXECUTION OF HIS SENTENCES BY THE INCORRECT COMPUTATION OF PAROLE AND INDETERMINATE SENTENCE CREDITS – ADVERSELY AFFECTING THE VERY FACT AND DURATION OF HIS PHYSICAL CONFINEMENT, HE IS ENTITLED TO FEDERAL HABEAS CORPUS RELIEF TO CURE THE RESULTING CONSTITUTIONAL DEFECTS AND DEPRIVATIONS.

(Pet., docket #1, Page ID#7.)

---

[1] According to the Michigan Department of Corrections' Offender Tracking Information System, Petitioner was also convicted of two counts of possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b. The trial court sentenced Petitioner to two-year prison terms for each of the felony-firearm convictions. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=162678.

On July 22, 2009, Petitioner filed a motion for relief from judgment with respect to his habeas ground in the Lenawee County Circuit Court. The trial court denied his motion on September 1, 2009, and his motion for reconsideration on September 28, 2009. Petitioner then sought leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. On March 9, 2010, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal for failure to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D). On July 26, 2010, the Michigan Supreme Court denied leave to appeal for the same reason. The Michigan Supreme Court also denied Petitioner's motion for reconsideration on October 26, 2010. Petitioner filed the instant application for habeas corpus relief on February 9, 2011.[2]

Petitioner attached several documents to his petition concerning the execution of his sentences. According to Petitioner's Lifer Interview/Review Log, the Michigan Parole Board reviewed Petitioner's parole on the following three occasions: October 29, 1993, October 9, 1998 and July 18, 2005. Each time, the Michigan Parole Board issued a "no interest" determination. (*See* Lifer Interview/Review Log, docket #1-6, Page ID#27.) On September 27, 2007, the parole board determined that Petitioner will not be eligible for parole until his sixty-six years and eight months minimum sentence on the assault conviction is served. (*See* Case Information Form, docket #1-7, Page ID#28.) On September 8, 2008, the Michigan Parole Board recommended that former Michigan Governor Jennifer Granholm commute Petitioner's sentence. Granholm, however, denied

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on February 9, 2011, and it was received by the Court on February 14, 2011. Thus, it must have been handed to prison officials for mailing at some time between February 9 and 14. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

the request on March 5, 2009.  (*See* Letter, docket #1-12, Page ID#40.)

On July 22, 2011, Petitioner also filed a motion to hold his petition "abeyance, or in the alternative, to permit him to return to state court" (docket #3) to exhaust the following new ground for habeas corpus relief:

> WAS PETITIONER PREJUDICED AND ENTITLED TO BE RESENTENCED WHERE THE IMPOSITION OF A LIFE SENTENCE AND A 66 YEARS, 8 MONTHS TO 100 YEARS SENTENCE ARE UNREASONABLE, IN LIGHT OF THEM BEING IMPOSED UNDER THE CONCURRENT SENTENCE DOCTRINE.

(Mot., docket #3, Page ID#100.)  Petitioner's new habeas ground, however, challenges the imposition of the kidnapping and assault sentences rather than the execution of those sentences.

## Discussion

### A. Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

B.    **Parole Eligibility**

In his only ground for habeas corpus relief, Petitioner claims that state officials violated his Fourteenth Amendment rights because they have incorrectly applied the minimum terms of his sentences for his parole eligibility. Petitioner was sentenced by the Lenawee County Circuit Court to "non-mandatory/parolable life" for kidnapping, MICH. COMP. LAWS § 750.349, and sixty-six years and eight months to one hundred years for assault with intent to commit murder, MICH. COMP. LAWS § 750.83. (Pet., docket #1, Page ID#1.) Plaintiff claims that the 1980 version of the "lifer" law, MICH. COMP. LAWS § 791.234(4), provides that he would be eligible for parole after a minimum sentence of ten years for his kidnapping conviction. Petitioner argues that the parole board wrongly considers his minimum sentence of sixty-six years and eight months for his assault conviction as controlling for his parole eligibility rather than the minimum term of ten years for the kidnapping conviction. (Pet., Page ID#8.)

The Fourteenth Amendment to the United States Constitution provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus,

the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). "That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained." *Id.* at 11 (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Such a "general interest . . . is no more substantial than the inmate's hope that he will not be transferred to another prison, a hope which is not protected by due process." *Id.* (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. In a recent published decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Crump v. Lafler,* ___ F.3d ___, 2011 WL 4359901, at **6-7 (6th Cir. Sept. 20, 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Until Petitioner has served his maximum sentence, he has no reasonable expectation of liberty. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11 (citing *Roth*, 408 U.S. at 577.) The Michigan Parole Board's failure or refusal to consider Petitioner for parole, therefore, implicates no federal right. In the absence of a liberty interest, Petitioner's habeas ground lacks merit.

C.   **Motion for Stay**

On July 22, 2011, Petitioner filed a motion to hold his petition "abeyance, or in the alternative, to permit him to return to state court" (docket #13) to exhaust the following new ground for habeas corpus relief:

> WAS PETITIONER PREJUDICED AND ENTITLED TO BE RESENTENCED WHERE THE IMPOSITION OF A LIFE SENTENCE AND A 66 YEARS, 8 MONTHS TO 100 YEARS SENTENCE ARE UNREASONABLE, IN LIGHT OF THEM BEING IMPOSED UNDER THE CONCURRENT SENTENCE DOCTRINE.

(Mot., docket #3, Page ID#100.) Petitioner's new habeas ground, however, challenges the imposition of the kidnapping and assault sentences rather than the execution of those sentences. Petitioner's new habeas ground therefore is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).

Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[3]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

[3] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that there is a one-year grace period from enactment of the statute on April 24, 1996. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). The grace period ended on April 24, 1997. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). Petitioner filed his application on February 9, 2011, approximately fourteen years after the time for direct review expired. Thus, his new habeas ground is time-barred.[4]

---

[4] According to the September 1, 2009 order of the Lenawee County Circuit Court, Petitioner filed a motion for relief from judgment on May 20, 1994 in the trial court. (*See* Order, docket #1-13, Page ID#42.) The trial court denied the motion on May 27, 1994. Petitioner appealed the denial of his 6.500 motion to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on July 28, 1995. Because the collateral motion was decided before the enactment of the AEDPA, it does not alter the statute of limitations analysis herein.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (noting that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.") Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The purpose of a stay is to preserve a petitioner's one-year statute of limitations.

Because Petitioner's new ground for habeas corpus relief is time-barred, it would be futile to grant a stay of Petitioner's action. Moreover, to the extent Petitioner requests a voluntary dismissal of his case to exhaust his state-court remedies of his new habeas claim, it is also futile. As previously stated, his new claim is barred by the statute of limitations so there is no need for Petitioner to return to state court to exhaust his state-court remedies. The Court therefore will deny Petitioner's motion for a stay.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim. The Court will also deny Petitioner's motion for a stay.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989)

(it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     October 25, 2011            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE